IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

BECKY GOAD,                              §
                                         §
              Plaintiff,                 §
                                         §
V.                                       §        1-16-CV-044  RP
                                         §
ST. DAVID'S HEALTHCARE                   §
PARTNERSHIP, L.P., LLP, ET AL.,          §
                                         §
              Defendants.                §

## ORDER

Before the Court are Defendants' Opposed Motion to Dismiss and Compel Arbitration, filed March 28, 2016 (Clerk's Dkt. #7) and the responsive pleadings thereto.  Having reviewed the parties' pleadings, the relevant case law and the entire case file, the Court issues the following Order.

## BACKGROUND

According to Plaintiff's Original Petition filed December 16, 2015 prior to removal of this action to this Court, Plaintiff Becky Goad ("Goad") was employed by Defendant St. David's Healthcare Partnership, L.P., LLP ("St. David's").  Goad alleges she was paid on an hourly basis and was subject to the overtime provisions of the Fair Labor Standards Act ("FLSA") as a non-exempt employee.  Plaintiff asserts she was not paid overtime for the hours she worked in excess of forty hours per workweek in violation of the FLSA and seeks monetary damages for that violation.

Defendants have now moved to compel Plaintiff to submit this dispute to arbitration pursuant to the Federal Arbitration Act (the "FAA"), and to dismiss this proceeding in favor of the arbitration.  The parties have filed responsive pleadings and the motion is now ripe for review.

**STANDARD OF REVIEW**

The FAA permits an aggrieved party to file a motion to compel arbitration when an opposing "party has failed, neglected, or refused to comply with an arbitration agreement." *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 25 (1991). *See also* 9 U.S.C. § 4 (party aggrieved by failure, neglect or refusal of another to arbitrate under written arbitration agreement may petition federal district court for order compelling arbitration); *Am. Bankers Ins. Co. v. Inman*, 436 F.3d 490, 492-93 (5th Cir. 2006) (same).

A motion to compel arbitration under the FAA is subject to a two-step inquiry. *Webb v. Investacorp, Inc.*, 89 F.3d 252, 257-58 (5th Cir. 1996). The court must first determine whether the parties agreed to arbitrate the dispute. *Id.* at 258 (citing *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 626 (1985)). This determination involves two questions: (1) whether there is a valid agreement to arbitrate between the parties; and (2) whether the dispute in question falls within the scope of that arbitration agreement. *Graves v. BP Am., Inc.*, 568 F.3d 221, 222 (5th Cir. 2009); *Webb*, 89 F.3d at 258. The court then must determine if any legal constraints foreclose arbitration of those claims. *Mitsubishi Motors*, 473 U.S. at 628; *Brown v. Pac. Life Ins. Co.*, 462 F.3d 384, 396 (5th Cir. 2006).

**DISCUSSION**

Defendants move to compel arbitration, arguing Plaintiff contractually agreed to submit all employment disputes to arbitration. Specifically, Defendants contend Plaintiff is subject to a Mandatory Binding Arbitration Policy (the "Policy") applicable to all St. David's employees. The Policy includes the following provisions:

> both the employee and [St. David's] agree to give up any right either of them might have to a jury or judge trial regarding any issue governed by the Mandatory Binding Arbitration Policy. All disputes governed by the Mandatory Binding Arbitration Policy shall be submitted to final and binding arbitration to be conducted by an experienced Arbitrator from the American Arbitration Association (AAA) chosen by the employee and the company. . . The employee and the Employer will be bound

by the decision made by the third party neutral arbitrator

(Def. Mot. Ex. A-1 at 1).  The Policy specifically includes "claims related to state or federal wage and hour claims" as claims which "must be submitted to arbitration."  (*Id*. at 2).

Plaintiff does not contest that her claim in this lawsuit falls within the scope of the Policy. Rather, she contends the Policy is not a valid agreement between the parties to this action.  When considering whether a valid arbitration agreement exists between the parties, the court generally applies "ordinary state-law principles that govern the formation of contracts."  *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995).  With respect to the enforcement of arbitration provisions against employees under Texas law, the Texas Supreme Court has stated:

> An employer may enforce an arbitration agreement entered into during an at-will employment relationship if the employer establishes that the employee received notice of its arbitration policy and accepted it.  Notice is effective if it unequivocally communicates to the employee definite changes in the employment terms.  If the employee receives notice and continues working with the knowledge of the modified employment terms, the employee accepts them as a matter of law.

*In re Dillard Dep't Stores, Inc.*, 198 S.W.3d 778, 780 (Tex. 2006) (internal citations omitted).

According to Defendants, the Policy was implemented by St. David's in the fall of 2010. They provide affidavit testimony stating that all employees were made aware of the Policy during General Employee Orientation sessions conducted in November 2010.  The Policy is also posted on St. David's intranet site and thus is available to employees at all time.  (Def. Mot. Ex. A ¶ 4). Specifically, Defendants state Goad attended an orientation session on November 12, 2010, and support that statement with a copy of a sign-in sheet which includes her signature.  (*Id*. ¶ 5 & Ex. A-2 at 2).

Defendants also present the affidavit of Megan Moss ("Moss"), in which she states she and Melissa Johnson conducted the orientation sessions, during which the Policy was described and a copy was distributed to each employee, including Goad.  Moss also states the employees were instructed that, by continuing to work for St. David's, they were accepting the Policy.  According to

3

Moss, employees were also directed to refer to the Policy as posted on St. David's intranet site. (Def. Mot. Ex. B ¶¶ 2-4).

Plaintiff admits she attended the orientation meeting. However, she maintains the Policy was not discussed at the meeting. In her declaration submitted in response to Defendants' motion, Goad states:

> I remember the contents of the General Employee Orientation on November 12, 2010 and the Mandatory Binding Arbitration Policy was not mentioned or distributed, nor was Megan Moss in attendance. I have not reviewed the Mandatory Binding Arbitration Policy prior to litigation. I have not signed an acknowledgement that I received the Mandatory Binding Arbitration Policy, or a summary thereof. I was never informed at the General Employee Orientation that continuing my employment for Heart Hospital of Austin, campus of St. David's Medical Center Round Rock Hospital, Inc. would constitute acceptance of the Mandatory Binding Arbitration Policy.

(Plf. Resp. Ex. 1 ¶ 4). Plaintiff also presents the declaration of her co-worker, Nancy Hanlan ("Hanlan"), who also attended one of the orientation meetings in November 2010. Hanlan states she does not recall whether the Policy was discussed at the meeting, does not remember reviewing the Policy and does not recall receiving either the Policy or a summary of the Policy. (Plf. Not. of Supp. Decl. Ex. 1 ¶ 3).

Defendants argue that, regardless of Plaintiff's contention that the Policy was not discussed at the November 2010 orientation meeting, additional evidence establishes Plaintiff had notice of the Policy and continued to work at St. David's. In support of their contention, Defendants provide the affidavit of Director of Human Resources Lizzette Runnels ("Runnels") who states that St. David's employees are required to perform periodic online education. Runnels further states Goad's education record reflects that she completed the Human Resources Policy Update for 2015 on December 24, 2014. According to Runnels, employees completing the online education were instructed that each employee has the responsibility to review policies in detail and that their continued employment is contingent on following those policies. The summary provided in that training references the Policy, noting that no changes were made. (Def. Reply Ex. D ¶ 7).

4

The key question is whether Goad had sufficient notice of the Policy such that, coupled with her continued employment, the Policy is properly considered to be binding.  An employee has notice if she has knowledge of the terms of an arbitration provision.  *In re Halliburton*, 80 S.W.3d 566, 568 (Tex. 2002) (citing *Hathaway v. Gen. Mills, Inc.*, 711 S.W.2d 227, 229 (Tex.1986)). "In law, whatever fairly puts a person on inquiry is sufficient notice, whether the means of knowledge are at hand, which if pursued by the proper inquiry the full truth might have been ascertained." *Burlington N.R. Co. v. Akpan*, 943 S.W.2d 48, 51 (Tex. App.–Fort Worth 1996, no writ).

There is a clear fact issue presented by the evidence of the parties as to whether Goad received notice of the Policy in November 2010.  Defendants have presented evidence that the Policy was discussed at a meeting attended by Goad, she was informed her continued employment constituted acceptance of the Policy, and she was provided a copy of the Policy.  Goad, in turn, has presented evidence denying those facts.  The only uncontested evidence provided by Defendants establishes Goad completed online education in December 2014 in which she was informed of her continuing obligation to review St. David's policies, was reminded those policies are available on St. David's intranet site and was provided a ten page summary listing the titles of the policies which included the Policy and indicates no change had been made to the Policy.

Defendants suggest that, in a modern workplace, posting of a policy online by an employer should be viewed as sufficient evidence of notice.  In support, they cite a case which they purport holds that evidence that a dispute resolution program and explanatory documents posted on a company intranet's site raised a presumption that plaintiffs received notice of the policy.  However, the decision actually states that unrebutted evidence that an employer mailed its arbitration policy and explanatory documents to its employees "raises a presumption Plaintiffs received notice of the [arbitration policy]." *Caley v. Gulfstream Aerospace Corp.*, 333 F. Supp. 2d 1367, 1375 (N.D. Ga. 2004), *aff'd*, 428 F.3d 1359 (11th Cir. 2005).  Moreover, at least one Texas court has suggested posting of a policy alone is insufficient notice.  *See HSS Sys., L.L.C. v. Lucan*, 2011 WL 2297716,

5

at *4 (Tex. App.– Austin June 9, 2011, no pet.) (noting no authority suggests mere presence of policy on company intranet, without any further notification to employee, amounted to notice of policy).  As our sister court has noted, "[a]ll cases of which this court is aware that involve Intranet postings of policy changes have found unequivocal notification only when there are other indications of direct notice to the individual (usually a mailing or distribution directly to the plaintiff) that supplemented the Intranet posting."  *Okocha v. Hosp. Corp. of Am.*, 2011 WL 4944577, at *7 (N.D. Tex. Oct. 18, 2011).  *See, e.g., Robertson v. U–Haul Co.*, 2011 WL 444773, at *1, *4 (N.D. Tex. Feb. 7, 2011) (noting copy of arbitration policy was posted on company intranet, but basing decision to grant motion to compel arbitration on fact that plaintiff personally received copy of policy); *Wilcox v. Valero Ref. Co.*, 256 F. Supp. 2d 687, 689 (S.D. Tex. 2003) (noting entire dispute resolution plan was available on company intranet, but also discussing that human resources manager met and discussed plan with plaintiff, and employer sent plan to each employee at home address); *Jones v. Fujitsu Network Commc'ns, Inc.*, 81 F. Supp. 2d 688, 692 (N.D. Tex. 1999) (noting employer distributed to every employee, including plaintiff, information packet containing arbitration agreement, and held training classes that plaintiff attended, before noting that employer also posted agreement on company intranet).

The Court is thus left with Defendants' evidence that Goad was reminded of her obligation to review St. David's employee policies during online education in December 2014 and was provided a ten page summary listing those policies.  The only reference to the Policy in that summary, however, is a listing of its name, "Mandatory Binding Arbitration" next to a check under the column indicating "No Change."  (Def. Reply Ex. D-3 at 7).  Absent is any description of what the policy covers, or any other explanation of its terms.  Texas courts have made clear that employees have evidenced acceptance of employment terms only when presented with facts establishing the employment terms were clearly and specifically communicated to the employee. *See, e.g., In re Dillard*, 198 S.W.3d at 780 (acknowledgment of arbitration agreement form provided

sufficient notice when "acknowledgment form briefly explained Dillard's arbitration policy, stated an effective date of August 1, 2000, and conspicuously warned that employees were deemed to accept the policy by continuing their employment"); *In re Halliburton*, 80 S.W.3d at 568 (notice sufficient when it informed employee that binding arbitration was designated as the exclusive method for resolving all disputes, stated effective date, and informed employees they would accept arbitration provision by continuing work after specified date).   Thus, the Court finds Defendants have failed to present sufficient evidence to establish Plaintiff was provided adequate notice of the terms of the Policy so that her continued employment can properly be viewed as acceptance of those terms.

## CONCLUSION

The parties dispute whether or not Plaintiff was provided notice of the terms of the Policy resulting in a genuine fact issue regarding the validity of the arbitration agreement between the parties.   Such fact issue precludes this Court from determining as a matter of law whether the Policy is valid and enforceable.   Accordingly, Defendants' Opposed Motion to Dismiss and Compel Arbitration (Clerk's Dkt. #7) is hereby **DENIED**.

As noted above, the FAA governs this matter.   In pertinent part, the FAA provides "[i]f the making of the arbitration agreement . . . be in issue, the court shall proceed summarily to the trial thereof."   9 U.S.C. § 4.   The FAA further provides that the parties have a right to a trial by jury of the issue.   *Id*.   *See also Prescott v. Northlake Christian Sch*., 141 F. App'x 263, 268-69 (5th Cir. 2005) (FAA allows for jury trial to resolve fact issues surrounding "the making of an arbitration agreement" and applies in proceedings to compel arbitration).

Accordingly, the Court hereby sets and directs the parties, or counsel acting on their behalf, to participate in a status conference at **10:00 a.m. on Tuesday, May 24, 2016** in the undersigned's chambers, Suite 5300, at the United States Courthouse, 501 West Fifth Street, Austin, Texas, 78701.   Counsel for should be prepared to discuss the appropriate schedule and means for

resolving the issue of arbitration at the conference

      **SIGNED** on May 13, 2016.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE